IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SIDI M. CHERKAOUI, | : |
| Plaintiff, | : Civil Action No.: |
| v. | : TRIAL BY JURY OF |
| | : TWELVE DEMANDED |
| HSBC PAY SERVICES, INC. a Delaware corporation, HSBC FINANCE CORPORATION, a Delaware corporation, and HOUSEHOLD INTERNATIONAL, INC., a Delaware corporation, | : |
| Defendants. | : |

## COMPLAINT

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, for employment discrimination, and for related common law claims. Jurisdiction exists by virtue of 42 U.S.C. §2000e-5 and 28 U.S.C. §1367.

2. Plaintiff resides at 601 Lockhaven Court, Newark, New Castle County, Delaware 19702.

3. Defendant, HSBC Pay Services, Inc. is a Delaware corporation whose registered agent is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. The registered agent's phone number is (302) 658-7581.

4. Defendant, HSBC Finance Corporation is a Delaware corporation whose registered agent is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. The registered agent's phone number is (302) 658-7581.

5. Defendant, Household International, Inc., is a Delaware corporation whose registered agent is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. The registered agent's phone number is (302) 658-7581.

6. Each of the above named defendants, at times pertinent to this Complaint, has traded as, or has owned or succeeded an entity which has traded as, Household Retail Services ("HRS"), a business which operates at 90 Christiana Road, New Castle, New Castle County, Delaware 19720. The phone number is (302) 658-2200.

7. Plaintiff at all times pertinent to this Complaint worked as an employee for HRS, and through it, the Defendants, at its 90 Christiana Road, New Castle, Delaware location.

## COUNT I

8. Plaintiff restates by reference the allegations referenced in paragraphs 1-7 supra.

9. Plaintiff's place of natural origin is Morocco.

10. During the course of Plaintiff's employment, HRS initiated a program, referred to as WIN, pursuant to which it promised its employees that it would compensate employees who presented an idea for producing money, if such idea were implemented and resulted in the production of money for the employer.

11. In reliance on such promise, Plaintiff presented HRS with an idea that it later implemented, and from which it ultimately reaped great sums of revenue.

12. HRS failed to process Plaintiff's claim in accordance with the procedures which it applied to other employees, of American descent, under the WIN Program.

13. HRS deliberately deceived Plaintiff into thinking it was processing his claim and pursuing his idea in accordance with the WIN program.

14. Among other things, HRS scheduled a meeting with Plaintiff, at which it suggested HRS was or would be developing the idea for implementation and compensation to Plaintiff.

15. Nonetheless, HRS failed to timely process the idea and provide feedback to Plaintiff regarding its status in the same manner that it undertook those responsibilities with employees of American descent.

16. Eventually HRS implemented Plaintiff's idea, but deliberately concealed such fact from him.

17. HRS's actions in not following its WIN Program procedures and in concealing the fact that the Plaintiff's idea had been implemented were intended to discourage Plaintiff from pursuing his claim based on his idea. Consequently, Plaintiff did not pursue his claim until after he discovered documentation regarding the idea, which tended to prove he was entitled to compensation for the idea.

18. Accordingly, Plaintiff resubmitted his idea and claim for compensation, which resulted in HRS reviewing the claim anew, this time under a different program, named "GREAT IDEAS," which had superseded the WIN program. The GREAT IDEAS program varied from the WIN program in certain respects. For example, it provided a less generous compensation scheme than under the WIN program.

19. At one point HRS informed Plaintiff that Plaintiff's idea qualified Plaintiff to compensation and that he would be compensated though in an amount for less than was contemplated under the applicable program guidelines.

20. Again, HRS failed to follow the same procedures for processing the idea submitted under the GREAT IDEAS program as were used for employees of American descent.

21. On or about June 11, 2003, HRS notified Plaintiff that it was not going to compensate Plaintiff for the idea submitted under the GREAT IDEAS program. At that time,

HRS provided Plaintiff with fraudulent information about the origins of his idea, its implementation, and his alleged failure to satisfy the conditions for compensation.

22. HRS has not compensated Plaintiff for his ideas submitted under the WIN program or GREAT IDEAS program, even though Plaintiff satisfied the conditions for compensation.

23. Among other things, Plaintiff was damaged by HRS's fraudulent and deceitful actions because, had he known the truth, he would have pressed harder for a prompt and truthful review of his idea under the WIN program and it would have been clearer, at the time it was implemented, that it was his idea.

24. Other HRS employees, not of the Plaintiff's national origin, received compensation for their ideas that were presented to and implemented by HRS. HRS intentionally discriminated against Plaintiff because of his national origin.

25. The reasons given by HRS for denying Plaintiff compensation for his idea submitted under the GREAT IDEAS program were a pretext. The actual reason was his national origin. As such, HRS, and the above named Defendants violated Plaintiff's rights as set forth in Title VII of the Civil Rights Act.

26. HRS failed to make a decision on the claim submitted by Plaintiff under the WIN program and never explained to Plaintiff the outcome of his claim arising out of the WIN program submittal. Such failure was the result of discriminatory intent based on Plaintiff's national origin.

27. Plaintiff's employment with HRS terminated on or about April 16, 2004.

28.     On or about September 8, 2003, Plaintiff filed a charge of discrimination regarding the above conduct with the Delaware Department of Labor and the federal Equal Opportunity Commission (EEOC). A copy of the charge is attached hereto as Exhibit A.

29.     The EEOC issued a <u>Notice-of-Right-to Sue</u> letter which was dated January 3, 2005, but not received by plaintiff until after it was sent by telecopier to Plaintiff's attorney on February 14, 2005. Copies of the Notice and telecopier transmittal sheets are attached hereto as Exhibit B.

30.     If relief is not granted, plaintiff will be irreparably denied rights secured by Title VII of the 1964 Civil Rights Act, as amended.

## COUNT II

31.     Plaintiff restates by reference the allegations referenced in paragraphs 1-30 <u>supra</u>.

32.     Defendants' actions constitute common law fraud or deceit which entitle Plaintiff to recovery.

## COUNT III

33.     Plaintiff restates by reference the allegations referenced in paragraphs 1-32 <u>supra</u>.

34.     By submitting his idea and otherwise complying with his employer's offer of compensation for his idea, Plaintiff had a legally binding and enforceable contract with his employer.

35.     Defendants breached the contract with Plaintiff to compensate Plaintiff for his idea.

## COUNT IV

36.     Plaintiff restates by reference the allegations referenced in paragraphs 1-35 <u>supra</u>.

37. Defendants have been unjustly enriched by failing to compensate Plaintiff for his idea, and Plaintiff is entitled to recovery by quantum meruit.

## COUNT V

38. Plaintiff restates by reference the allegations referenced in paragraphs 1-37 supra.

39. Plaintiff reasonably relied to his detriment on Defendant's promise to compensate him for his idea, and is entitled to recovery pursuant to promissory estoppel.

## COUNT VI

40. Plaintiff restates by reference the allegations referenced in paragraphs 1-39 supra.

41. Defendants have breached the implied covenant of good faith and fair dealing, and Plaintiff is entitled to recovery for damages which ensued from such breach.

WHEREFORE, Petitioner requests that:

Judgment be entered in Plaintiff's favor and that he be awarded pecuniary losses arising out of Defendants' failure to compensate Plaintiff for his ideas, compensatory and punitive damages, pre-judgment and post-judgment interest, attorneys fees, costs, and such other relief as may be just and appropriate.

PARKOWSKI, GUERKE & SWAYZE, P.A.

By: _____
JEREMY W. HOMER, ESQUIRE
Delaware State Bar I.D. No.: 413
116 W. Water Street
P.O. Box 598
Dover, DE 19903
(302) 678-3262
Attorneys for Plaintiff

DATED: 3-24-05

h\Cherkaoui\Complaint