# EXHIBIT C

Westlaw.

Not Reported in F.Supp.

Page 1

1996 WL 512150 (S.D.N.Y.), 12 IER Cases 150

(Cite as: 1996 WL 512150 (S.D.N.Y.))

▷

**Motions, Pleadings and Filings**

United States District Court, S.D. New York.
Ernest deCIUTIIS, Plaintiff,
v.
NYNEX CORPORATION, Defendant.
**No. 95 Civ. 9745 (PKL).**

Sept. 9, 1996.
Mario Aieta, Aieta & Greco, New York City.

Richard H. Wagner, New York City.

Robin Schecter, New York City.

*MEMORANDUM ORDER*

LEISURE, District Judge:

*1 Pursuant to Fed.R.Civ.P. 12(b)(6), defendant moves to dismiss all eight of plaintiff's claims for failure to state a claim upon which relief can be granted. The first two claims, for breach of contract and quantum meruit, arise from a controversy distinct from that underlying the remaining claims. The remaining claims can be broken into two groups, three through five, and six through eight, which arise from similar factual transactions and put forward the same legal causes of action. Specifically, these causes of action are breach of contract, breach of the implied covenant of good faith, and unjust enrichment. For the reasons stated below, defendant's motion is granted with respect to claims one, two, three, five, six, and eight, and denied for claims four and seven.

BACKGROUND

Plaintiff, Ernest deCiutiis, was employed by the NYNEX Corporation as a Special Services Technician. His responsibilities in this position did not extend to customer relations. In October 1990, Mr. deCiutiis was invited by the Superintendent of Schools of the Dover Union Free School District to review a proposal being considered by the Board of Cooperative Educational Services of Dutchess County, New York ("B.O.C.E.S."). The proposal, the "Distance Learning Project," involved providing a video link between various schools via the installation of a fiber optic network.

Approximately one month later, Mr. deCiutiis discussed this matter with a supervisor, John Puckharber, who informed him that B.O.C.E.S. was not considering NYNEX for the project. Mr. Puckharber did, however, authorize Mr. deCiutiis to continue pursuing the opportunity on behalf of NYNEX. Between November 1990 and March 1991, plaintiff spent substantial time attempting to get the contract for NYNEX.

In March 1991, plaintiff stated to another official of NYNEX, Tom McCambridge, that he believed that his efforts had taken too much time away from his private life and he could no longer continue without being compensated for them. Mr. McCambridge told plaintiff to continue his activities and assured him that he would be compensated "in a business-like fashion." Mr. deCiutiis continued his involvement with B.O.C.E.S. until September 1992.

In 1992, B.O.C.E.S. chose NYNEX as the contractor for its project, which would eventually earn the company in excess of $6 million in revenue. NYNEX then selected Mr. deCiutiis as a "New York Telephone [FN1] Presidential Award Winner" in recognition of his services in obtaining the contract, indicating that his accomplishments were outside of his normal duties. NYNEX declined to compensate him for his activities. deCuitiis seeks from NYNEX a sum of $600,000 for breach of contract and the same sum under a theory of quantum meruit.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 2

1996 WL 512150 (S.D.N.Y.), 12 IER Cases 150

**(Cite as: 1996 WL 512150 (S.D.N.Y.))**

FN1. New York Telephone has since become the NYNEX Corporation.

Plaintiff's claims three through eight are independent of this dispute concerning the B.O.C.E.S. contract. These claims instead pertain to a suggestion plan initiated by NYNEX. The plan, entitled the "Idea Magic Program," established a procedure for employees to submit suggestions that might benefit the company. In return, the employee would be considered for a cash award of up to $50,000. The specific details of the program were set out in the "Idea Magic Official Rules & Regulations."

*2 Plaintiff submitted two different ideas to the program. One idea, submitted on October 21, 1992, suggested the use of video-conferencing equipment in NYNEX's internal employee training programs as a means of saving travel, lodging, and other expenses. Some five months later, NYNEX informed Mr. deCiutiis that his suggestion had been ruled ineligible for consideration under the Idea Magic Program. During the same month, Mr. deCiutiis read in a NYNEX internal newsletter that an employee training program using video-conferencing would be implemented.

Mr. deCiutiis's other suggestion, submitted on March 23, 1994, proposed the use of "mini-cell" sites in order to make more feasible and cost-effective the widespread installation and operation of transmission sites for cellular telephone signals. About six months later, NYNEX informed Mr. deCiutiis that this idea would not be adopted. According to the complaint, in or after the same month, NYNEX in fact adopted the idea by implementing mini-cell sites. Mr. deCiutiis received no award for either suggestion. With regard to the video-conferencing idea, plaintiff asserts claims three, four, and five, namely, breach of contract, breach of the implied covenant of good faith, and unjust enrichment. With regard to the mini-cell site idea, plaintiff repeats the same causes of action in claims six, seven, and eight. He seeks $50,000 compensation for each idea.

DISCUSSION

I. *General Standard for a Rule 12(b)(6) Motion to Dismiss*

In deciding defendant's Rule 12(b)(6) motion to dismiss, the Court accepts as true the material facts alleged in the complaint and draws all reasonable inferences in plaintiff's favor. *See Kaluczky v. City of White Plains,* 57 F.3d 202, 206 (2d Cir.1995). In addition, the Court takes into consideration any document attached to the complaint as an exhibit. *See Brass v. American Film Technologies,* 987 F.2d 142, 150 (2d Cir.1993). A motion to dismiss cannot be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). A Rule 12(b)(6) motion cannot be granted simply because recovery appears remote and unlikely on the face of a complaint, because "the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir.1996) (quoting *Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 378 (2d Cir.1995) (quoting *Scheuer,* 416 U.S. at 236)) (internal quotation marks omitted).

II. *Claims One and Two: Breach of Contract and Quantum Meruit in Connection with the B.O.C.E.S. Project*

Plaintiff's first cause of action against NYNEX is one for breach of contract, claiming that NYNEX is contractually bound to compensate him for negotiating on its behalf. Section 5-701(a)(10) of New York's General Obligations Law states that an agreement to pay compensation for negotiating a business opportunity is void unless the agreement is in writing. "Negotiating" includes assisting in the consummation of a transaction. *See* N.Y.Gen.Oblig.Law § 5- 701(a)(10). The New York Court of Appeals has noted that "the scope of the term 'business opportunity' has been differentially applied." *Freedman v. Chemical Constr. Corp.,* 43 N.Y.2d 260, 266, 372 N.E.2d 12, 16, 401 N.Y.S.2d 176, 181 (1977). However, New York courts have applied section 5- 701(a)(10) to activities like those alleged in this case. In

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  Page 3

1996 WL 512150 (S.D.N.Y.), 12 IER Cases 150

**(Cite as: 1996 WL 512150 (S.D.N.Y.))**

*Freedman,* the court found that an agreement by which the plaintiff "was to use his 'connections', his 'ability', and his 'knowledge' ... to somehow procure" a construction contract for the defendant fell within the statute. *Id.* at 267, 372 N.E.2d at 16, 401 N.Y.S.2d at 181.

\*3 Thus, the statutory provision applies to plaintiff's efforts to obtain the B.O.C.E.S. contract for NYNEX, and the alleged agreement falls within the reach of the statute of frauds. [FN2] Because plaintiff does not allege that any agreement regarding compensation on the B.O.C.E.S. project was reduced to writing, the alleged agreement for compensation is void under New York's General Obligations Law section 5-701(a)(10). Accordingly, the motion to dismiss the breach of contract claim is granted.

> FN2. Plaintiff argues that his efforts on NYNEX's behalf should be characterized as marketing services rather than as the negotiation of a business opportunity and that such services are outside the scope of § 5-701(a)(10). This argument is unconvincing. Plaintiff's allegations show that he acted as an intermediary in promoting a specific NYNEX service, in order to procure a specific contract. As the court in *Freedman* put it, plaintiff's activity is "that of providing 'know-how' or 'know-who' in bringing about between principals an enterprise of some complexity," and thus the services are within the scope of the provision. *Freedman,* 43 N.Y.2d at 267, 372 N.E.2d at 16, 401 N.Y.S.2d at 181.

Plaintiff's second cause of action proceeds on a theory of quantum meruit for services rendered in obtaining the B.O.C.E.S. contract. According to the New York Court of Appeals, the purpose of the statute of frauds provision relating to negotiation of a business opportunity is to protect businesses from claims for commission in the absence of a written agreement, and this policy extends to claims stated under a theory of quantum meruit. *See Minichiello v. Royal Business Funds Corp.,* 18 N.Y.2d 521, 525-26, 223 N.E.2d 793, 795, 277 N.Y.S.2d 268, 270-71 (1966) (citing the legislative history of the 1964 amendment of the provision), *cert. denied,* 389 U.S. 820 (1967). Plaintiff cannot circumvent the statute of frauds by merely recharacterizing his contractual claim as one for recovery in quantum meruit. [FN3] Thus, plaintiff's quantum meruit claim must be dismissed.

> FN3. In *Grappo v. Alitalia Linee Aeree Italiane, S.p.A.,* 56 F.3d 427 (2d Cir.1995), the Court of Appeals for the Second Circuit did allow a claim in quantum meruit to proceed despite a valid statute of frauds defense, even though the Court noted that ordinarily "a plaintiff may not escape the Statute of Frauds by simply affixing the label 'quantum meruit' to the very contract claim that is barred." *Id.* at 433. However, the contract claim in *Grappo* was barred by section 1-206 of the New York Uniform Commercial Code, and thus the quantum meruit claim was not affected by the policy and legislative history considerations that informed the court in *Minichiello.* Here, the rule of *Minichiello* applies.

III. *Claims Three Through Eight: Breach of Contract, Breach of the Implied Covenant of Good Faith, and Unjust Enrichment in Connection with the Idea Magic Program*

A. *Breach of Contract.* Plaintiff alleges in claims three and six that NYNEX breached its obligation, as agreed to in the "Idea Magic Official Rules & Regulations," to award plaintiff when it implemented video-conferencing and mini-cell sites. New York courts have treated employee suggestion plans like the Idea Magic Program as creating an enforceable contract between the employer and an employee who submits an idea. *See Didley v. General Motors Corp.,* 837 F.Supp. 535, 539 (W.D.N.Y.1993) (citing *Milich v. Schenley Indus.,* 54 A.D.2d 659, 387 N.Y.S.2d 641 (App.Div.1976)).

Plaintiff's contract with NYNEX gives NYNEX

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

"sole, exclusive and complete discretion" as to the eligibility of a suggestion and the amount of any award. Idea Magic Official Rules & Regulations, paras. 1.26(b), 1.26(g). The program's rules further state that "[u]pon receipt of a suggestion, [NYNEX] obtains irrevocable, nonexclusive royalty free rights" in the suggestion, even if the idea is not adopted. See id. at paras. 1.22, 1.24. The rules do not state that an employee is *entitled* to any award if a suggestion is used; rather, suggestors are eligible for awards at NYNEX's discretion. Thus, even if NYNEX used plaintiff's suggestions, the express terms of the agreement give NYNEX the sole and complete discretion to determine that it would grant no award to Mr. deCiutiis.

B. *Breach of the Implied Covenant of Good Faith.*
However, plaintiff also alleges, in claims four and seven, that NYNEX breached its implied covenant of good faith when it failed to grant him an award for suggestions that it adopted. An implied covenant of good faith and fair dealing inheres in every contract. See *Travellers Int'l. A.G. v. Trans World Airlines,* 41 F.3d 1570, 1575 (2d Cir.1994) (applying New York law). Thus, "[e]ven when a contract confers decision-making power on a single party, the resulting discretion is nevertheless subject to an obligation that it be exercised in good faith." *Id.* A court may not imply a covenant that is inconsistent with the express terms of a contract. See *Readco, Inc. v. Marine Midland Bank,* 81 F.3d 295, 300 (2d Cir.1996). But an implied covenant of good faith does not conflict with NYNEX's "sole, exclusive and complete discretion." Rather, it requires NYNEX to exercise its discretion in good faith and not to act arbitrarily. As then-Judge Scalia put it, the phrase sole discretion "is not necessarily the equivalent of 'for any reason whatsoever, no matter how arbitrary or unreasonable.' " *Tymshare, Inc. v. Covell,* 727 F.2d 1145, 1154 (D.C.Cir.1984). Thus, New York courts have imposed an implied covenant of good faith to terms granting sole discretion to one party to a contract. See *Carvel Corp. v. Diversified Management Group,* 930 F.2d 228, 231 (2d Cir.1991) (applying New York law); *Components Direct, Inc. v. European Am. Bank & Trust,* 175 A.D.2d 227, 229-30, 572 N.Y.S.2d 359, 361 (App.Div.1991).

*4 Issues of fact exist as to whether NYNEX exercised that discretion in good faith. The timing of events as alleged by plaintiff suggests that NYNEX may have implemented its video-conferencing and mini-cell site programs based upon Mr. deCiutiis's suggestions. Both suggestions had the potential to save NYNEX substantial costs. NYNEX's decision not to give plaintiff any award at all even though it adopted the suggestions and benefited from substantial savings of costs could be found to have been made in bad faith. It is also entirely possible that NYNEX has acted in good faith. For example, NYNEX might have already been considering implementing video-conferencing before plaintiff submitted his suggestion. Nevertheless, plaintiff's allegations are sufficient to state a cause of action for breach of the implied covenant of good faith as to both suggestions.

Thus, claims three and six for breach of contract must be dismissed because the express terms of the agreement have not been violated. However, claims four and seven for breach of the implied covenant of good faith cannot be dismissed because plaintiff has pleaded facts which, if true, would allow a jury to conclude that NYNEX did not exercise its discretion in good faith.

C. *Unjust Enrichment.* Finally, plaintiff alleges in claims five and eight that NYNEX was unjustly enriched when it used Mr. his ideas without giving him compensation. The existence of an enforceable written contract that addresses the subject matter in dispute ordinarily bars recovery under a quasi-contractual theory like unjust enrichment. See *Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.,* 70 N.Y.2d 382, 388, 516 N.E.2d 190, 193, 521 N.Y.S.2d 653, 656 (1987). But a plaintiff is not required to elect his remedies, and is permitted to plead a quasi-contractual cause of action in the alternative "where there is a bona fide dispute as to the existence of a contract." *Joseph Sternberg, Inc. v. Walber 36th Street Assocs.,* 187 A.D.2d 225, 228, 594 N.Y.S.2d 144, 146 (App.Div.1993).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 5

1996 WL 512150 (S.D.N.Y.), 12 IER Cases 150

**(Cite as: 1996 WL 512150 (S.D.N.Y.))**

In *Joseph Sternberg,* the court allowed a claim in quantum meruit to proceed because the contract for commission on the sale of a building was "ambiguous." It named a commission based on a particular sale price, but "[did] not, as a matter of law, bar recovery of a commission based upon a sale at a lesser price." *Id.* at 228-29, 594 N.Y.S.2d at 146. Thus, the case stands for the proposition that a quasi-contractual claim for recovery outside the scope of the contract is not barred by the existence of the contract. In the case at bar however, the recovery that Mr. deCiutiis seeks clearly falls within the scope of the Idea Magic Program. Plaintiff agreed to give NYNEX the royalty-free right to use his suggestions, in return for the chance to receive an award, subject to NYNEX's good faith exercise of discretion. He cannot escape the effect of this agreement by simply restating his claim in terms of unjust enrichment. Therefore, the rule of *Clark-Fitzpatrick* applies to bar Mr. deCiutiis's unjust enrichment claims, and defendant's motion to dismiss these claims is granted.

CONCLUSION

*5 The motion to dismiss for failure to state a claim upon which relief may be granted is HEREBY GRANTED as to claims one, two, three, five, six, and eight. The motion to dismiss for failure to state a claim upon which relief may be granted is HEREBY DENIED as to claims four and seven.

SO ORDERED.

1996 WL 512150 (S.D.N.Y.), 12 IER Cases 150

**Motions, Pleadings and Filings (Back to top)**

- 1:95CV09745  (Docket)
(Nov. 17, 1995)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.