© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

25 Fed.Appx. 959
25 Fed.Appx. 959, 2001 WL 1580128 (Fed.Cir.)
**(Cite as: 25 Fed.Appx. 959, 2001 WL 1580128 (Fed.Cir.))**
<KeyCite History>

Briefs and Other Related Documents

This case was not selected for publication in the Federal Reporter.

NOTE: Pursuant to Fed.Cir.R. 47.6, this order is not citable as precedent. It is public record.

Please use FIND to look at the applicable circuit court rule before citing this opinion. Federal Circuit Rule 47.6. (FIND CTAF Rule 47.6.)

United States Court of Appeals,
Federal Circuit.
Moussa RAISZADEH, Petitioner,
v.
DEPARTMENT OF VETERANS AFFAIRS,
Respondent.
No. 01-3249.

Dec. 10, 2001.

Federal agency employee petitioned for review of Merit Systems Protection Board (MSPB) decision, 88 M.S.P.R. 306, dismissing his whistleblower retaliation claim. The Court of Appeals held that: (1) MSPB lacked jurisdiction over complaint to extent it was based on allegedly adverse personnel actions which had also been subject of employee's previously settled complaint; (2) agency's decision not to adopt employee's suggestion for departmental reorganization did not amount to retaliatory "personnel action"; and (3) evidence supported finding that employee's whistleblowing activities did not contribute to subsequent agency decision to deny him "special contribution" monetary award.

Affirmed.

West Headnotes

[1] Officers and Public Employees k72.22
283k72.22
Merit Systems Protection Board (MSPB) lacked jurisdiction over complaint based on allegedly adverse personnel actions which had also been subject of employee's previously settled complaint.

[2] Officers and Public Employees k69.7
283k69.7
Federal agency's decision not to adopt employee's suggestion for departmental reorganization did not amount to "personnel action" against him, within meaning of whistleblower protection statute. 5 U.S.C.A. §§ 1221(a), 2302(a)(2)(A).

[3] Officers and Public Employees k72.63
283k72.63
Finding that employee's whistleblowing activities did not contribute to subsequent agency decision to deny him "special contribution" monetary award given to other employees was supported by evidence; decision to deny award came seventeen months after protected disclosures, and was supported by plausible reasoning. 5 U.S.C.A. § 2302(b)(8).

**\*959** Before BRYSON, LINN, and DYK, Circuit Judges.

PER CURIAM.

**\*\*1** Moussa Raiszadeh petitions for a review of a dismissal by the Merit Systems Protection Board ("MSPB" or "Board") of his Individual Right of Action under the Whistleblower Protection Act ("WPA"). The administrative judge's initial decision, *Raiszadeh v. Dep't of Veterans Affairs,* No. SF-1221-00- 0014-B-1 (Aug. 1, 2000), became the final decision of the Board on March 19, 2001. *Raiszadeh v. Dep't of Veterans Affairs,* No. SF-1221-00-0014-B-1, 2001 WL 289250 (Mar. 19, 2001). **\*960** The Board denied Raiszadeh's request for correction of four adverse personnel actions he claimed were in retaliation for certain disclosures protected under the WPA. Because the Board properly dismissed the claims over which it had no jurisdiction, and its decision to deny the remaining request for corrective action was not arbitrary, capricious, an abuse of discretion, unlawful, or unsupported by substantial evidence, we *affirm.*

BACKGROUND

Raiszadeh, a chemist, serves as the Radiation Safety Officer ("RSO") at the Veterans Affairs Medical Center in Loma Linda, California ("Medical Center"). The four actions for which he seeks correction include: (1) a reassignment, effective April 26, 1998, that placed his position in a different

chain of command; (2) the lowering of his performance appraisal for 1996-97; (3) the Department of Veterans Affairs' ("agency's") failure to augment his duties in 1998; and (4) the agency's failure to grant him a monetary award in 1998.

The administrative judge dismissed the appeal for lack of jurisdiction to the extent that it relied upon the first two alleged adverse personnel actions, finding that they were the subject of a previously settled complaint before the U.S. Department of Labor. The administrative judge also dismissed for lack of jurisdiction the claim that the agency failed to augment Raiszadeh's duties because that decision did not constitute a personnel action within the coverage of the WPA. The Board exercised jurisdiction over the agency's denial of a monetary award in 1998, holding that although the denial constituted a personnel action and Raiszadeh made protected disclosures, the disclosures did not contribute to the failure to grant an award.

## DISCUSSION

[1] We begin with the administrative judge's decision to dismiss the appeal for want of jurisdiction to the extent it relied on the first two of Raiszadeh's alleged adverse personnel actions. On appeal, Raiszadeh asserts that the administrative judge erred by "relying on the Agency's redacted document that was intended to distort the facts and change the outcome." A review of the redacted settlement agreement shows that Raiszadeh agreed to "[w]aive any and all claims ... arising from the issues of the Department of Labor Complaint ...." That complaint included both the 1998 reassignment and the 1996-97 performance appraisal. So long as the settlement agreement is valid and enforceable, the Board is without jurisdiction to hear appeals relating to the underlying issues. *See Briscoe v. Dep't of Veterans Affairs,* 55 F.3d 1571, 1573 (Fed.Cir.1995). Raiszadeh did not provide the Board with an unredacted version of the agreement to support his claim. Because Raiszadeh did not carry his burden of establishing jurisdiction, we conclude that the Board correctly determined that it lacked jurisdiction.

**\*\*2** [2] Next, we examine whether the Board had jurisdiction over Raiszadeh's contention that the agency failed to augment his duties in 1998 as a result of his whistleblowing activities. To establish a prima facie case of retaliation for whistleblowing activity, Raiszadeh must show both that he engaged in whistleblowing activity by making a disclosure protected under 5 U.S.C. § 2302(b)(8) and that his protected disclosure was a contributing factor in a personnel action. 5 U.S.C. §§ 1221(e)(1), 2302(b)(8) (2000). A protected disclosure is a disclosure which an employee reasonably believes evidences "(i) a violation of any law, rule, or regulation, or (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public **\*961** health or safety." 5 U.S.C. § 2302(b)(8) (2000).

Raiszadeh testified before the administrative judge that he had suggested to the agency that it combine the Medical Center's Industrial Hygiene Program ("IHP") with his Radiation Safety Office and place both offices under his control. Instead, the agency filled a vacancy in the IHP and kept the two programs separate. On appeal, Raiszadeh argues that (1) the administrative judge failed to consider his industrial hygiene training and (2) the combination of programs "was the change that was needed to improve the Medical Center operation." The Board found that it lacked jurisdiction to consider that action because the agency's decision not to adopt Raiszadeh's suggestion did not amount to a "personnel action" against him under the statute. 5 U.S.C. § 2302(a)(2)(A) (2000). We find that substantial evidence supports the Board's decision on this issue. The only action the agency took was to fill a position in another department and otherwise maintain the status quo. Since Raiszadeh did not apply for that position, no action was taken "against" him as the statute requires. 5 U.S.C. § 1221(a) (2000). Thus, the Board was correct that it lacked jurisdiction.

[3] Finally, we examine Raiszadeh's contention that the agency's failure to grant him a monetary award in 1998 constituted a violation of the WPA. The Board exercised jurisdiction over that claim, finding that the decision not to grant the monetary award constituted a personnel action and that Raiszadeh's reports that patients were being unknowingly exposed to high levels of x-rays constituted protected disclosures. The Board nevertheless found that Raiszadeh's protected disclosures did not contribute to the denial of the "special considerations" monetary award.

After reviewing the evidence of record and hearing testimony from witnesses including those who recommended and ultimately denied the award, the Board concluded that the duties for which Raiszadeh sought the award were part of his normal job duties and therefore not "special contributions." The Board found that the agency decided the monetary award question on its own merits and that Raiszadeh's whistleblowing activities did not contribute to the

agency's decision to deny that award. On appeal, Raiszadeh argues that certain witnesses were lying under oath and the administrative judge failed to consider documents that would disprove their credibility. However, credibility determinations rest with the sound discretion of the administrative judge who saw and heard the witnesses, making such determinations "virtually unreviewable on appeal." *Rogers v. Dep't of Defense Dependents Schs.,* 814 F.2d 1549, 1554 (Fed.Cir.1987). The facts of this case do not lead us to depart from that rule. The administrative judge's conclusion that Raiszadeh's whistleblowing activity did not contribute to the personnel action was supported by substantial evidence. The Medical Center vice president testified that unlike those employees who did a "huge amount of work" and received the monetary award, Raiszadeh's achievements were "very generic" and expected of his position. Furthermore, the decision to deny the monetary award came seventeen months after Raiszadeh made his protected disclosures. Based on that record, we cannot say that the Board's decision was unsupported by substantial evidence.

**\*\*3** For the foregoing reasons, the decision of the Board is affirmed.

25 Fed.Appx. 959, 2001 WL 1580128 (Fed.Cir.)

Briefs and Other Related Documents (Back to top)

. 01-3249 (Docket) (May. 17, 2001)

END OF DOCUMENT