© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
2005 WL 196577 (D.Del.)
**(Cite as: 2005 WL 196577 (D.Del.))**

Motions, Pleadings and Filings

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
Godwin J. IGWE, Plaintiff,
v.
E.I. DU PONT DE NEMOURS AND CO., INC.,
Defendant.
No. Civ.A. 03-839 JJF.

Jan. 26, 2005.

Darryl K. Fountain, Wilmington, Delaware, for Plaintiff.

Wendy K. Voss, and Suzanne M. Hill, of Potter Anderson & Corroon LLP, Wilmington, Delaware. Evelyn H. Brantley, of E.I. Du Pont De Nemours and Company, Wilmington, Delaware. for Defendant.

*MEMORANDUM OPINION*

FARNAN, J.

**\*1** Presently before the Court is Defendant E.I. DuPont de Nemours & Company Incorporated's ("DuPont") Motion for Summary Judgment (D.I.23). For the reasons discussed, the Court will grant DuPont's motion.

BACKGROUND

Plaintiff Godwin J. Igwe, an African-American male of Nigerian descent, began his work with DuPont as a Senior Research Engineer in March of 1992. In January of 1998, DuPont eliminated Mr. Igwe's position and transferred him to its Corporate Information Science Group ("CIS"). There, Mr. Igwe became a Senior Information Scientist, a job which required him to learn new skills, but kept him at the same salary level.

At CIS, Mr. Igwe reported to Marsha Lee, who eventually became dissatisfied with Mr. Igwe's work performance. In September of 1999, Ms. Lee expressed to Mr. Igwe her disappointment and placed him on Written Corrective Action. Ms. Lee's dissatisfaction continued and on March 3, 2002, she placed Mr. Igwe on probation. Mr. Igwe was informed that the probationary period would extend for up to twelve months, and that he would be terminated if, during that time, he failed to demonstrate improvement. A few days later, on March 7, 2002, Mr. Igwe injured his neck in DuPont's library and left work on disability leave. Mr. Igwe was eventually approved for permanent disability status and, in October of 2002, DuPont terminated his employment. DuPont continues to pay Mr. Igwe disability compensation and provide him benefits programs.

On August 26, 2003, Mr. Igwe filed his Complaint against DuPont (D.I.1). On March 3, 2004, Plaintiff filed his Amended Complaint (D .I. 3, 4). The Amended Complaint states four causes of action. Count I alleges discrimination on the basis of race and national origin in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. Count II alleges retaliatory demotion in violation of Title VII. Count III alleges violation of the Thirteenth Amendment. Count IV alleges defamation in violation of Delaware state law.

STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure provides that a party is entitled to summary judgment if a court determines from its examination of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

To defeat a motion for summary judgment, Rule 56(c) requires the non-moving party to show that there is more than "some metaphysical doubt as to the material facts.... In the language of the Rule, the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial." ' *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (quoting Fed.R.Civ.P. 56(c)). However, the mere existence of some evidence in support of the nonmovant will not be sufficient to support a denial of a motion for summary judgment;

there must be enough evidence to enable a jury to reasonably find for the nonmovant on that issue. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). Thus, if the evidence is "merely colorable, or is not significantly probative," summary judgment may be granted. *Id.*

## DISCUSSION
A. Claim One: Employment Discrimination

**\*2** In Title VII employment discrimination actions, courts apply the *McDonnell Douglas* burden shifting analysis. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). Under *McDonnell Douglas,* a plaintiff has the initial burden to establish a prima facie case of discrimination. *Id.* at 802. Once a plaintiff succeeds in establishing his or her prima facie case, the burden shifts to the defendant employer to proffer some legitimate non-discriminatory rationale for his or her action. *Id.* If the employer provides the court with a non-discriminatory rationale for his or her employment decision, the burden again shifts to the plaintiff to demonstrate, by a preponderance of the evidence, that the employer's rationale is pretextual. *Id.* at 804.

The Third Circuit has recognized that the elements of the prima facie case will vary from case to case because of differing fact scenarios. *Pivirotto v. Innovative Sys., Inc.,* 191 F.3d 344, 352 (3d Cir.1999) (citing *McDonnell Douglas,* 411 U.S. at 802 n. 13, 93 S.Ct. 1817). In the instant action, to establish his prima facie case of discrimination, Mr. Igwe must provide evidence that (1) he is a member of a protected class; (2) he is qualified for the sought after position; (3) he suffered adverse employment action; and (4) similarly situated non-members of the protected class were treated more favorably than he, or the circumstances of his termination give rise to an inference of race discrimination. *Pivirotto,* 191 F.3d at 356.

*1. Member of a Protected Class*

It is not disputed that Plaintiff, an African-American male of Nigerian descent, is a member of a protected class.

*2. Qualified*

Mr. Igwe contends that he was qualified for a promotion, a transfer, and a bonus or raise. He contends he was qualified for a promotion because (1) he worked at DuPont for over ten years and received "glowing evaluations and award nominations" (D.I. 28, Ex. 1, at 1) and (2) DuPont promotion guidelines required that he receive a raise. Mr. Igwe contends he was qualified for a transfer because "[h]e applied for more than a dozen other postings in the company...." *Id.*

In response, DuPont contends that Mr. Igwe's only evidence in support of his right to a promotion are two documents which do not apply to his job classification. Further, DuPont contends that Mr. Igwe fails to allege specific facts to support his arguments for a transfer, bonus, or raise.

The Court concludes that Mr. Igwe has failed to set forth specific facts showing he was qualified for the sought after positions. Mr. Igwe's contentions consist almost entirely of unsupported, conclusory arguments. Mr. Igwe fails to identify any specific, available opportunities for a promotion, transfer, bonus, or raise. Mr. Igwe's only specific facts are two documents outlining promotion guidelines for research and development professionals. (D.I. 26 at A518-19.) Mr. Igwe, however, was a CIS employee, not a research and development professional, and thus the promotion guidelines were inapplicable. For these reasons, the Court concludes that Mr. Igwe has not met his burden and thus does not present a genuine issue for trial with respect to the second prong of the prima facie case.

*3. Adverse Employment Action*

**\*3** Mr. Igwe contends that he was subject to three types of adverse actions: (1) denial of a promotion, transfer, bonus, or raise; (2) disciplinary probation for up to twelve months (D.I. 26 at A509-12); and (3) his original transfer to CSI, which he contends limited his abilities. (D.I. 28, Ex. 2, at 2 ¶ 7). In response, DuPont contends that these actions did not cause a significant change in Mr. Igwe's employment status.

The United States Supreme Court has defined an adverse employment action as a "significant change in employment status, such as hiring, firing, failing to promote, reassignment, or a decision causing a significant change of benefits." *Burlington Indus. Inc. V. Ellerth,* 524 U.S. 742, 761 (1998). In this case, the Court concludes that Mr. Igwe has failed in his burden to establish an adverse employment action. As noted previously, Plaintiff has failed to set forth specific facts regarding a promotion, transfer, bonus, or raise. Further, the Court finds that Mr. Igwe has not alleged specific facts to support a

finding that Plaintiff experienced a significant change in his benefits. Mr. Igwe asserts he was placed on disciplinary probation, but does not offer evidence to show how this action significantly changed his benefits. Further, it appears that, despite being on probation, Mr. Igwe enjoyed the same compensation, benefits, and core job duties that he had as a Senior Research Engineer. (D.I. 26 at A380, A560, A572).

Likewise, Mr. Igwe does not specify how his transfer to CIS significantly changed his benefits. Instead, Mr. Igwe states in a conclusory fashion that "a limitation was placed on my ability, talent, professionalism, and my accomplishments dismissed. It was like a nurse being transferred to a nurse aid assignment ... (D.I. 28, Ex. 2, at 2 ¶ 7). Such unsupported assertions do not constitute "specific facts" as required by Rule 56(e).

*4. Discrimination*

Mr. Igwe contends that similarly situated non-members of his class were treated more favorably. He further contends that the circumstances surrounding DuPont's conduct towards him raise an inference of racial discrimination. In response, DuPont contends that Mr. Igwe has failed to support his contentions with specific facts.

The Court finds that Plaintiff has failed to set forth specific facts sufficient to support the fourth element of the *McDonnell Douglas* prima facie test. Mr. Igwe does not identify a person or group of persons that were similarly situated to him but more favorably treated. Further, Mr. Igwe does not allege circumstances raising an inference of racial discrimination. Instead, Mr. Igwe asks the Court to assume that, because he was Nigerian and allegedly maltreated, he was a victim of race discrimination. Rule 56(e), however, requires "specific facts showing that there is a genuine issue for trial." Mr. Igwe has set forth no such facts and thus has failed to meet the fourth element of the prima facie test.

**\*4** In sum, because Mr. Igwe has not demonstrated that a genuine issue of material fact exists for elements two, three, and four of the *McDonnell Douglas* prima facie case, the Court will grant DuPont's motion on Mr. Igwe's racial and national origin discrimination claim.

B. Claim Two: Retaliatory Demotion

Mr. Igwe contends that DuPont subjected him to a retaliatory demotion in violation of 42 U.S.C. § 1981 by (1) incorrectly identifying him as an Information Scientist, rather than a Senior Information Scientist, on DuPont's website and (2) transferring him to CIS.

To establish a claim for retaliatory demotion, a plaintiff must first prove a prima facie case of retaliation by demonstrating that (1) he engaged in protected activity, (2) he suffered an adverse employment action, and (3) there is a causal link between the protected activiety and the adverse employment action. *Sarullo v. U.S. Postal Serv.,* 352 F.3d 789, 800 (3d Cir.2003).

The Court finds that Plaintiff has failed to establish that he was engaged in a protected activity. Further, as the Court discussed previously, Mr. Igwe's arguments in support of a finding of an adverse employment action are not supported by specific facts. Because Mr. Igwe has not established a protected activity or an adverse action, Mr. Igwe has failed to demonstrate a causal link between the two. For these reasons, the Court will grant DuPont's motion on Mr. Igwe's retaliatory demotion claim.

C. Claim Three: Thirteenth Amendment

By his Complaint, Plaintiff contends that DuPont violated his "rights and privileges as guaranteed by the Thirteenth Amendment to the United States Constitution." (D.I. 3 ¶ 43.)

The Thirteenth Amendment prohibits slavery and involuntary servitude. The Court finds that Mr. Igwe has failed to demonstrate with specific facts his allegation that DuPont violated the Thirteenth Amendment. For this reason, the Court will grant DuPont's motion on Mr. Igwe's Thirteenth Amendment claim.

D. Claim Four: Defamation or Libel

In support of his claim for libel, Mr. Igwe claims that DuPont's website "intentionally publicly designated [Mr. Igwe] as an Information Scientist instead of Senior Information Scientist." (D.I. 28, Ex. 1, at 6-7.) Mr. Igwe contends that the inaccurate designation "humiliated him" and "damaged his reputation and standing, causing him to be denied projects for Senior Information Scientist[s]." (D.I. 28, Ex. 1, at 7.)

It is undisputed that Delaware law controls this libel claim. Delaware defines libel as "a false and defamatory statement of fact concerning the plaintiff made in an unprivileged publication to a third party."

*Ramunno v. Cawley,* 705 A.2d 1029, 1035 (Del.1998) (citing *Spence v. Funk,* 396 A.2d 967, 969 (Del.1978)). To be defamatory, a statement must "tend[ ] so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Ramunno,* 705 A.2d at 1035.

**\*5** The Court finds that Plaintiff has not demonstrated sufficient evidence regarding how his designation on the DuPont website as an "Information Scientist" lowered him in the estimation of the community or deterred people from associating with him. Mr. Igwe alleges in a conclusory fashion that the inaccurate designation "humiliated him" and "damaged his reputation and standing ..." (D.I. 28, Ex. 1, at 7.) Further, while Mr. Igwe contends that the misrepresentation caused him to be denied projects, he has not cited any specific projects which he was denied. For these reasons, the Court concludes