© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
1989 WL 141388 (D.D.C.), 50 Fair Empl.Prac.Cas. (BNA) 1795
**(Cite as: 1989 WL 141388 (D.D.C.))**
<KeyCite Citations>
United States District Court, District of Columbia.
Paul PLUMMER, Plaintiff
v.
Preston R. TISCH, Postmaster General, Defendant
CIV. A. No. 87-2489.

Aug. 31, 1989.
Paul Plummer, plaintiff pro se.

Michael L. Martinez, Asst. U.S. Atty., Office of U.S. Attorney, Washington, D.C., for defendant.

*MEMORANDUM OPINION*

THOMAS F. HOGAN, District Judge.

**\*1** This Title VII action is before the Court on defendant's unopposed motion for summary judgment.

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. §§ 2000e to 2000e-17, which proscribes employment discrimination on account of race, color, religion, sex, and national origin. In his complaint, plaintiff Paul Plummer, proceeding *pro se,* alleges, *inter alia,* that defendant Preston R. Tisch, Postmaster General of the United States Post Office, discriminated against him "on the basis of race, sex, and as an act of reprisal" for prior claims that plaintiff filed with the Equal Employment Opportunity Commission (hereinafter "EEOC"). Complaint at 1. Plaintiff contends that as a result of such discrimination and retaliation, he was not permitted to sign up for the "overtime desired list" and he was denied recognition and compensation for a suggestion he submitted to the Post Office's "suggestion program" that the Post Office ultimately utilized. *Id.* at 2.

In his complaint, plaintiff originally demanded judgment, in the amount of $7,777,777,777,777.77, against the Postmaster General, the United States Attorney General, and the United States Attorney for the District of Columbia, as well as any of the defendants' agents for whom there is evidence of wrongdoing. By Order dated August 25, 1988, this Court dismissed the complaint insofar as defendants were being sued in their individual capacities and insofar as the Attorney General and the United States Attorney for the District of Columbia were being sued in their official capacities. *Plummer v. Tisch,* No. 87-2489 (D.D.C. Aug. 25, 1988). Thus, the only issues left to be decided by this Court are plaintiff's claims against the Postmaster General, in his official capacity, brought under Title VII of the Civil Rights Act of 1964.

In defendant's unopposed motion for summary judgment, filed April 27, 1989, defendant argues that plaintiff has failed to establish a *prima facie* case of discrimination based on race or sex. In addition, defendant argues that plaintiff has failed to establish the requisite elements of a retaliation claim based on plaintiff's prior EEO activities. Alternatively, defendant contends that even if plaintiff has established a *prima facie* case in each of his claims, they have been rebutted by defendant's articulation of legitimate, non-discriminatory reasons for his actions, and defendant is entitled to judgment on the merits. For the reasons stated below, the Court shall grant defendant's motion for summary judgment and dismiss this action.

*I. BACKGROUND*

Plaintiff Paul Plummer is a caucasian male who was employed as a Distribution Clerk at the Washington, D.C. Post Office of the United States Postal Service, beginning in 1968. Since 1975, plaintiff has engaged in a series of disputes with both supervisors and subordinates, and plaintiff has been disciplined on several occasions. In October 1981, plaintiff filed a complaint in the United States District Court for the District of Columbia against the Postmaster General, then William F. Bolger, alleging discrimination under Title VII. After trial the court entered judgment for defendant. *Plummer v. Bolger,* 559 F.Supp. 324 (D.D.C.1983) (Richey, J.). Plummer appealed, and the United States Court of Appeals for the District of Columbia Circuit affirmed the District Court ruling. *Plummer v. Bolger,* 721 F.2d 1424 (D.C.Cir.1983). [FN1]

**\*2** Meanwhile, plaintiff continued to experience problems with others at work and was finally removed from postal employment in April 1984. [FN2] An arbitrator upheld plaintiff's removal in April, 1985. Defendant's Exhibit B (case #

EIC-2D-D 19101).  In the period between plaintiff's removal and the arbitrator's ruling, plaintiff was in a non-pay, non-duty status.   Defendant's Exhibit A, Attachment A (EEOC Recommended Decision, EEOC Case No. 033-085- x5373, Agency Case No. 2-2-395-5, at 4).

During the twelve month interval, plaintiff filed two complaints with the EEOC.  In his first complaint, filed on December 5, 1984, plaintiff alleged that the Post Office wrongfully prohibited him from signing up for the overtime desired list.  In his second complaint, filed on January 1, 1985, plaintiff alleged that the Post Office wrongfully failed to give him recognition and compensation for a suggestion that he made to the Post Office which was ultimately put into effect.  In both claims, plaintiff alleged discrimination on the basis of race and sex, and reprisal for filing prior EEO complaints in 1976 and 1984.  On December 2, 1985, a hearing was held on both matters and the Hearing Examiner issued recommended decisions finding that there was no evidence in the record to support either of plaintiff's complaints.  Defendant's Exhibit A, Attachment A (EEOC Recommended Decision, EEOC Case No. 033-085-x5373, Agency Case No. 2-2-0395-5, July 16, 1987) and Attachment B (EEOC Recommended Decision, EEOC Case No. 033-085-x5402, Agency Case No. 2- 2-0537-5, July 16, 1987).   The recommended decision were adopted by the Postal Service as the final agency decisions on July 28, 1987.  It is from the two final decisions that plaintiff brings the instant action.

## II. DISCUSSION

Summary judgment is appropriate when there is "no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law."  Fed.R.Civ.P. 56.   The party moving for summary judgment has the burden of demonstrating that there is no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986).   However, the party opposing summary judgment must present "affirmative evidence" in order to defeat a properly supported summary judgment motion.  *Id.* at 257.   Naked allegations included in the complaint will not suffice.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).   To oppose such a motion successfully, the party "must set forth specific facts showing that there is a genuine issue for trial."  Fed.R.Civ.P. 56(e).   But if such party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that party will bear the burden of proof at trial[,]" then rule 56(c) mandates that

summary judgment must be granted.  *Celotex,* 477 U.S. at 322.   Summary Judgment is appropriate in the instant action as plaintiff has failed to establish the existence of essential elements of his discrimination and retaliatory treatment claims.

### A. Elements of Discrimination and Reprisal Claims

**\*3** In Title VII race and sex discrimination cases, the plaintiff bears the burden of establishing a *prima facie* case of disparate treatment under the standard set forth by the Supreme Court in *McDonnel Douglas Corp. v. Green,* 411 U.S. 792 (1973).  In *McDonnel Douglas* the Supreme Court held that to satisfy this burden in a discriminatory hiring claim, a plaintiff must establish the following elements as part of his *prima facie* case of racial discrimination:

(i) that he belongs to a racial minority;  (ii) that he applied and was qualified for a job for which the employer was seeking applicants;  (iii) that, despite his qualifications, he was rejected;  and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.

*Id.* at 802.   These elements have been modified to apply to disparate treatment cases such as that presented by plaintiff.  *Id.* at 802 n. 13.  Accordingly, in order to establish a *prima facie* case of race and sex discrimination in the instant action, plaintiff must produce evidence showing that he is a member of a protected class and that he was adversely treated, while others similarly situated but not of the protected class were dissimilarly treated. [FN3]  *See McDonald v. Santa Fe Trail Transp. Co.,* 427 U.S. 273 (1976).   Moreover, plaintiff "carries the initial burden of showing actions taken by the employer from which one can infer, if such actions remain unexplained, that it is more likely than not that such actions were 'based on a discriminatory criterion illegal under the Act.' "  *Furnco Const. Corp. v. Waters,* 438 U.S. 567, 576 (1978) (quoting *Teamsters v. United States,* 431 U.S. 324, 358 (1977)).

Similarly, plaintiff must establish a *prima facie* case with respect to his reprisal claims.   To establish a *prima facie* case in a retaliatory treatment claim, plaintiff must show:  (1) that he engaged in protected activities;  (2) that his employer was aware of the protected activities;  and (3) that shortly after plaintiff's performance of the activities his employer treated him in a manner enabling the court to infer retaliatory motivation.  *Gonzalez v. Bolger,* 486

F.Supp. 595, 601 (D.D.C.1980) (discharged postal employee's claim of retaliatory discrimination held invalid), *aff'd*, 656 F.2d 899 (D.C.Cir.1981).

Once plaintiff establishes a *prima facie* case of discrimination, the burden shifts to the defendant to rebut the presumption of discrimination by articulating a legitimate, non-discriminatory reason for his action. *McDonnel Douglas Corp. v. Green*, 411 U.S. at 802. Here, defendant's burden is one of production, not persuasion. The Postmaster General need only produce evidence of permissible reasons for his actions; he need not prove that he was motivated by non-discriminatory considerations. *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 254 (1981). Once defendant rebuts plaintiff's *prima facie* case, the burden then shifts back to the plaintiff to produce evidence that the reasons articulated by the defendant are merely pretextual. *Furnco Const. Corp. v. Waters*, 438 U.S. 567. The ultimate burden of persuasion therefore rests with the plaintiff to prove that he was the victim of intentional discrimination. *Texas Department of Community Affairs v. Burdine*, 450 U.S. at 256.

**\*4** Thus, in order to defeat a motion for summary judgment in a discrimination or retaliatory treatment case, a plaintiff may not merely rely on the presentment of a *prima facie* case unless, of course, there is no evidence to the contrary. *See Skelton v. Action*, 668 F.Supp. 25, 29-30 (D.D.C.1987) (mere allegations of discrimination held insufficient to defeat defendant's properly supported motion for summary judgment in age discrimination case), *aff'd*, 49 Fair Empl. Prac. Cas. (BNA) 96. *See also Steckl v. Motorola, Inc.*, 703 F.2d 392, 393-394 (9th Cir.1983) ("[T]he use of summary procedures is proper in appropriate discrimination actions even while the plaintiff has established a prima facie case."). Moreover, if a defendant articulates a legitimate, non-discriminatory reason for the challenged action, then the plaintiff "must tender a genuine issue of material fact as to pretext in order to avoid summary judgment." *Id.* at 393.

## B. Plaintiff's Overtime Desired List Claim

Plaintiff has failed to establish a *prima facie* case of race or sex discrimination with respect to his claim that he was wrongfully prohibited from signing up for the Post Office's overtime desired list. When plaintiff attempted to sign up for the overtime desired list plaintiff was in a non-pay, non-duty status, pending final action on his removal notice. Plaintiff, however, offers no evidence, either in his complaint or in the administrative record, of non-white or female individuals who were similarly situated and who were permitted to sign the list. Plaintiff, therefore, has failed to establish any evidence of disparate treatment, the central element of a *prima facie* case of race and sex discrimination.

Moreover, even if plaintiff had successfully established a *prima facie* case, defendant offers sufficient, legitimate reasons for his actions to rebut any presumption of discrimination. Defendant contends that pursuant to the postal workers' collective bargaining agreement, employees in non-pay, non-duty status are not eligible to sign the overtime desired list. Defendant's Exhibit A, Attachment A (references to National Agreement). Such a contractual agreement clearly constitutes a permissible, non-discriminatory rationale for defendants actions sufficient to rebut any presumption of discrimination. Finally, plaintiff offers no evidence indicating that defendant's alleged reliance on the labor agreement is a pretext for discrimination.

Furthermore, plaintiff has failed to prove a *prima facie* case of retaliatory treatment with respect to his claim that he was prohibited from signing the overtime desired list. Nowhere in the complaint or in the administrative record does plaintiff offer any evidence that individuals responsible for compiling the overtime desired list were aware of plaintiff's prior EEO activities. In addition, plaintiff has provided no evidence of defendant's actions with regard to the list from which the court could reasonably infer retaliatory motivation. Moreover, as in plaintiff's race and sex discrimination claims, even if plaintiff had successfully established a *prima facie* case of retaliatory treatment, defendant has successfully articulated a legitimate, permissible reason for its actions, and plaintiff has failed to offer any evidence that defendant's claim of adherence to the collective bargaining agreement is a pretext for retaliatory treatment.

**\*5** Plaintiff has thus failed to establish that defendant discriminated against him on the basis of race, sex, or as an act of reprisal, when plaintiff was prohibited from signing the overtime desired list. Plaintiff has also failed to raise any genuine issues of material fact concerning the pretextual nature of defendant's allegations that could preclude a ruling on the merits at this time. Therefore, the Court shall grant defendant's motion for summary judgment with respect to plaintiff's claims of discrimination and reprisal relating to plaintiff's exclusion from the

overtime desired list.

### C. Plaintiff's Suggestions Program Claim

Similarly, plaintiff has failed to establish a *prima facie* case of race or sex discrimination with regard to his claim that defendant failed to award him compensation and recognition for a suggestion he submitted to the Postal Service that was ultimately put into effect. [FN4]  As with his overtime list discrimination claim, plaintiff has failed to allege in his complaint, or offer any admissible evidence, [FN5] that similarly situated individuals not of his protected class were treated differently with respect to the submission of suggestions. [FN6]

Moreover, in defendant's motion for summary judgment, defendant notes that the Postal Service had already made plans to take the actions that plaintiff recommended prior to plaintiff's submission of his suggestion.  Such plans clearly constitute a legitimate reason for defendant's actions sufficient to rebut any presumption of discrimination raised by plaintiff.  Finally, plaintiff has failed to produce any evidence showing that the reason defendant offers for his actions is a pretext masking underlying discriminatory motives.

Finally, plaintiff has failed to establish a *prima facie* case of reprisal with respect to his claim that he was not compensated for his suggestion in retaliation for his prior EEO activities.  Plaintiff has offered no evidence showing that members of the suggestion awards committee had knowledge of plaintiff's prior EEO activities. [FN7]  Moreover, even if plaintiff had establish a *prima facie* case, defendant has adequately rebutted any presumption of discrimination in its statement that it refused to recognize and compensate plaintiff for his suggestion because the Post Office had already decided to implement the idea.  Memorandum in Support of Defendant's Motion for Summary Judgment at 10.  Finally, plaintiff has offered no evidence of pretext, and has thus failed to show that he was not compensated for his suggestion as a result of retaliation for his prior EEO activities.

### III. CONCLUSION

In accordance with the forgoing, defendant is entitled to judgment as a matter of law.  The Court finds that plaintiff has failed to establish a *prima facie* case of race or sex discrimination and retaliatory treatment with respect to both of his claims.  Furthermore, notwithstanding plaintiff's failure to establish a *prima facie* case in each claim,

the Court finds that defendant has articulated a legitimate reasons for its actions, and plaintiff has failed to provide any evidence that defendant's reasons are merely pretexts for impermissible discriminatory or retaliatory motives.  The Court shall grant defendant's motion for summary judgment and dismiss this case.

**\*6** An Order is accordance with the foregoing shall be issued herewith.

### ORDER

This matter is before the Court on defendant's motion for summary judgment.  In accordance with the Memorandum Opinion issued herewith, it is this 30th day of August, 1989,

ORDERED that

(1) defendant's motion for summary judgment is hereby GRANTED; and

(2) this case is hereby DISMISSED.

> FN1. Plummer moved to reopen the case in January 1986, alleging that he had new evidence and that fraud had occurred during trial.  The Court, however, denied his motion.  *Plummer v. Casey,* No. 81-2464 (D.D.C. June 4, 1986).

> FN2. Plaintiff did not file an EEO complaint regarding his removal.

> FN3. It makes no difference that plaintiff is white.  Title VII prohibits discrimination against a white person upon the same standards as would be applicable to a black person.  *McDonald v. Santa Fe Trail Transp. Co.,* 427 U.S. at 280.  This Circuit has allowed majority plaintiffs to rely on the *McDonnel Douglas* criteria to prove a *prima facie* case of disparate treatment "when background circumstances support the suspicion that the defendant is that unusual employer who discriminates against the majority." *Parker v. Baltimore and Ohio R.R.,* 652 F.2d 1012, 1017 (D.C.Cir.1981).

> FN4. In his Recommended Decision, the administrative law judge (hereinafter "ALJ") found that in September 1983, plaintiff submitted to the Incentive Awards Program an Employee Suggestion concerning the operation of the Flat Sorting Machine,

Alabama Zip Code 351. He suggested that this zip code be applicable to all mail destined for the State of Alabama. The ALJ found, however, that plaintiff's suggestion was previously offered by another employee and had already been implemented in February 1980. Defendant's Exhibit A, Attachment B (EEOC Recommended Decision, EEOC Case No. 033-085-x5402, Agency Case No. 2-2-0537-5, at 3- 5).

FN5. The only material in the record relating to suggestions submitted by female and non-white employees is contained in the EEOC investigatory file submitted by defendant. Generally, the factual matter contained in an agency's investigatory file is inadmissible hearsay. *See, Hackley v. Roudebush,* 520 F.2d 108, 156-57 n. 195 (D.C.Cir.1975).

FN6. The Court notes that the ALJ in the EEO proceedings determined that plaintiff had established a *prima facie* case of discrimination on the basis of race because appeals from denials of awards were granted to Black employees, but not to White employees. Fifteen suggestions received during 1984 were adopted. Eleven employee suggestion denials were appealed, eight appeals were denied (5 White females, 3 White males) and three suggestions were subsequently adopted (1 Black male, 2 Black females). I.R., Ex. 8-10, 12, 15. Defendant's Exhibit A, Attachment B (EEOC Recommended Decision, EEOC Case No. 033-085-x5402, Agency Case No. 2-2-0537-5, at 4). Nevertheless, the ALJ ultimately found that the Post Office had articulated a legitimate reason for its actions and recommended holding *against* plaintiff on the merits, stating:

Complainant failed to demonstrate by a preponderance of the evidence that he was treated differently from others who submitted suggestions to the Management Committee.... [N]one of the Committee members had knowledge of Complainant's race, sex or prior EEO activity. Finally, the Agency articulated a legitimate, nondiscriminatory reason for the rejection of Complainant's suggestions, and accordingly, Complainant cannot prevail.

*Id.* at 5-6. While the Court may give deference to the ALJ's findings, they are not binding on this Court in the instant *de novo* review of plaintiff's claims. *Alexander v. Garner-Denver Co.,* 415 U.S. 36, 60 (1974) ("The federal court should consider the employee's claim *de novo.*").

FN7. Upon review of the investigatory record the ALJ similarly found that "Complainant [has] not shown that the seven members of the Awards Committee had any knowledge of Complainant's previous EEO activity." Defendant's Exhibit A, Attachment B (EEOC Recommended Decision, EEOC Case No. 033-085-x5402, Agency Case No. 2-2-0537-5, at 5).

1989 WL 141388 (D.D.C.), 50 Fair Empl.Prac.Cas. (BNA) 1795

END OF DOCUMENT