IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SIDI CHERKAOUI,<br><br>             Plaintiff,<br><br>v.<br><br>HSBC PAY SERVICES, INC., HSBC<br>FINANCE CORPORATION, and<br>HOUSEHOLD INTERNATIONAL, INC.,<br><br>             Defendants. | Civil Action No. 05-184-KAJ |

## MEMORANDUM ORDER

### I. INTRODUCTION

Before me is a Motion to Dismiss (Docket Item ["D.I."] 7; the "Motion") filed by defendants HSBC Pay Services, Inc., HSBC Finance Corporation, and Household International, Inc. (collectively, "HSBC").[1] The Complaint, (D.I. 1), filed by plaintiff Sidi Cherkaoui ("Cherkaoui") alleges that, during the course of his employment with HSBC, HSBC violated his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq., by discriminating against him because of his national origin. (Id. at ¶¶ 8-30.) Cherkaoui claims that pursuant to two separate employee programs, HSBC "promised its employees that it would compensate employees who presented an idea for producing money, if such idea were implemented and resulted in the production of money for the employer." (Id. at ¶ 10.) Cherkaoui alleges that he submitted an idea

---

[1] Plaintiff Sidi Cherkaoui refers to the Defendants as HRS or Household Retail Services. He alleges, and Defendants do not appear to dispute, that each of the named defendants "has traded as, or has owned or succeeded an entity" which traded under that name. (D.I. 1 at ¶ 6; D.I. 8 at 4 n.3.)

which HSBC implemented and which produced money for HSBC, but that he was not compensated for his idea. (*Id.* at ¶¶11-23.) He further claims that "other [HSBC] employees, not of [Cherkaoui's] national origin, received compensation for their ideas that were presented and implemented." (*Id.* at 24.) Cherkaoui also makes related state law claims. (*Id.* at ¶¶ 31-41.) Jurisdiction is appropriate under 28 U.S.C. §§ 1331 and 1367. For the reasons that follow, the Motion will be denied.

## II.   STANDARD OF REVIEW

In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all material allegations of the complaint and it must construe the complaint in favor of the plaintiff. *See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). "A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." *Id.* The moving party has the burden of persuasion. *See Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991).

## III.   DISCUSSION

### A.   *Adverse Employment Action*

HSBC first claims that Cherkaoui's Complaint should be dismissed because he fails to allege that he suffered any adverse employment action, as is required by Title VII. (D.I. 8 at 9-14.) To establish a prima facie case of discrimination under Title VII, Cherkaoui must show that he: 1) is a member of a protected class; 2) was qualified for

the position;² 3) suffered an adverse employment action; and 4) was treated differently than employees who are not members of his protected class. See *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). The Supreme Court has defined an adverse employment action as a "significant change in employment status, such as hiring, firing, failing to promote, reassignment, or a decision causing a significant change in benefits." *Burlington Indus. Inc. v. Ellerth*, 524 U.S. 742, 749 (1998); *see also Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1300 (3d Cir. 1997) (an adverse employment action must be "serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment.").

HSBC claims that Cherkaoui's allegation that he was not compensated for an idea he submitted is not an adverse employment action. However, Cherkaoui alleged in his complaint that HSBC "promised its employees that it would compensate employees who presented an idea for producing money, if such idea were implemented and resulted in the production of money for the employer." (D.I. 1 at ¶ 10.) Accepting as true all of the facts alleged by Cherkaoui, and drawing all inferences in his favor, as I must on a Motion to Dismiss, this allegation is sufficient to show that Cherkaoui was promised, as a part of his compensation, that he would be compensated for ideas he submitted to HSBC that HSBC implemented.³ A refusal to compensate an employee

---

² This portion of the analysis, required in many employment cases, is not applicable here, as Cherkaoui's job status was not involved in the alleged discrimination.

³ Indeed, even the documents submitted by HSBC, which I will not consider at this stage of the case, Fed. R. Civ. P. 12(b)(6), seem to support Cherkaoui's allegation that once an idea was submitted and implemented by HSBC, the employee would be compensated. (*See* D.I. 8, Ex. D at 2 ("If the idea is adopted ... the SME/impacted

3

for an idea can be considered an adverse action if the employee was "automatically entitled to ... [the] award." *Kipnis v. Baram*, 949 F. Supp. 618, 624 (N.D. Ill. 1996). Cherkaoui's allegations are enough, at this stage of the case, to show that he suffered an adverse employment action, and thus, the Complaint will not be dismissed on this ground.

B.   *Statute of Limitations*

HSBC next argues that Cherkaoui's complaint should be dismissed because it was filed outside the relevant statutes of limitations. HSBC predicates this argument on its assertion that Cherkaoui discovered the alleged acts of discrimination in March or April of 2002. (D.I. 8 at 14.) However, Cherkaoui asserts that he did not discover that he would not be compensated for his idea until June 11, 2003. (D.I. 1 at ¶ 21.)

To be timely, when plaintiff initiates a complaint with the parallel state agency, a plaintiff must file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the last alleged unlawful employment practice. 42 U.S.C. 2000e-5(e)(1); *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001). Pursuant to 19 Del. Code § 712(c)(1), a charge must be filed with the Delaware Department of Labor ("DDOL") within one-hundred twenty days of the discriminatory act.[4] Cherkaoui filed his charge of discrimination with the

---

manager will determine the amount of the award...").)

[4] Prior to an amendment effective September 10, 2004, a plaintiff had only ninety days to file a charge of discrimination. However, this distinction is irrelevant here, since, if the pertinent date is June 11, 2003, which is the date Cherkaoui alleges he discovered the discrimination, he is within both the ninety day and one hundred twenty day limitations periods.

DDOL and the EEOC on September 8, 2003. (D.I. 1 at ¶ 28; *see also id.* at Ex. A.) Viewing the facts in the light most favorable to Cherkaoui, his charge was filed within both of the relevant time limits provided by the federal and state statutes, since Cherkaoui alleges that he did not discover the discrimination until June 11, 2003. Thus, his complaint will not be dismissed on this ground either.

    C.    *Treatment of Others*

Finally, HSBC appears to argue that because Cherkaoui does not plead specific facts to show that particular employees of American descent were treated better than he was with respect to his suggestion, he cannot make out a prima facie case of discrimination. (D.I. 8 at 13-14.) However, Cherkaoui alleged in his complaint that he was treated differently than employees of American descent. (D.I. 1 at ¶¶ 12, 15, 20, 24-26.) Under the liberal pleading standard in Federal Rule of Civil Procedure 8, these allegations are sufficient to allow Cherkaoui's complaint to survive the Motion, and his Complaint will not be dismissed at this time.

**IV.    CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that HSBC's Motion to Dismiss is DENIED.

                                                                                                      UNITED STATES DISTRICT JUDGE

March 9, 2006
Wilmington, Delaware