## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIDI CHERKAOUI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-184-KAJ |
| | ) | |
| HSBC PAY SERVICES, INC., a | ) | JURY TRIAL DEMANDED |
| Delaware corporation, HSBC FINANCE | ) | |
| CORPORATION, a Delaware | ) | |
| corporation, and HOUSEHOLD | ) | |
| INTERNATIONAL, INC., a Delaware | ) | |
| corporation, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants HSBC Pay Services, Inc., HSBC Finance Corporation and Household International, Inc. (collectively, "Defendants"), by and through their undersigned attorneys, hereby answer the correspondingly numbered paragraphs of the Complaint by Sidi M. Cherkaoui ("Plaintiff") as follows:

### The Parties

1.    Defendants admit only that Plaintiff purports to state claims under the statutes he cites, but deny that such claims are appropriately brought or that Defendants have any liability to Plaintiff thereunder. Moreover, Defendants admit only that Plaintiff purports to invoke the Court's jurisdiction but avers that such allegation is a conclusion of law to which no responsive pleading is required.

2.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 2.

3.    Defendants admit the averments in paragraph 3.

4.      Defendants admit the averments in paragraph 4.

5.      Defendants deny the averments in paragraph 5. By way of further response, as a result of a merger, Household International, Inc. merged into, and became part of, HSBC Finance Corporation.

6.      Defendants deny the averments in paragraph 6. By way of further response, Household Retail Services, Inc. was a subsidiary of Household International, Inc. Household International, Inc. merged into HSBC Finance Corporation. HSBC Pay Services is a wholly owned subsidiary of HSBC Finance Corporation.

7.      Defendants admit the averments in paragraph 7.

### Count I

8.      Paragraphs 1 through 7 of the Answer are restated and incorporated as if fully set forth herein.

9.      Defendants admit that Plaintiff purports that his place of natural origin is Morocco. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment in paragraph 9.

10.     Defendants admit that a program referred to as WIN was instituted by Household International, Inc. The remaining allegations are denied, as the WIN program guidelines were reduced to writing and such writing(s) speaks for itself. All other factual allegations in paragraph 10, if any, are denied.

11.     To the extent paragraph 11 sets forth a legal conclusion, no responsive pleading is required. Defendants admit that Plaintiff submitted an idea to the WIN program. All other factual averments contained in paragraph 11 are denied.

12.     Defendants deny the factual averments contained in paragraph 12.

RLF1-2990990-1

13.    To the extent paragraph 13 sets forth a legal conclusion, no responsive pleading is required. Defendants deny the factual averments contained in paragraph 13.

14.    Defendants admit that Plaintiff attended a meeting in May 2000 to discuss the implementation of an automated check system. All other factual averments in paragraph 14 are denied.

15.    Defendants deny the factual averments contained in paragraph 15.

16.    To the extent paragraph 16 sets forth a legal conclusion, no responsive pleading is required. Defendants deny the factual averments contained in paragraph 16.

17.    Defendants deny all factual averments contained in the first sentence of paragraph 17.    To the extent Plaintiff relies on certain "documentation," in paragraph 17, such documentation speaks for itself. As to the alleged reasons why "Plaintiff did not pursue his claim," Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment.

18.    Defendants admit Household International Inc. instituted a program referred to as "Great Ideas" and that Plaintiff submitted the same idea to the Great Ideas program. The allegations as to the Great Ideas program are denied, as the program guidelines were reduced to writing and such writing(s) speaks for itself. All other factual averments, if any, contained in paragraph 18 are denied.

19.    Defendants deny the factual allegations alleged in paragraph 19.

20.    Defendants deny the factual averments contained in paragraph 20.

21.    To the extent paragraph 21 sets forth a legal conclusion, no responsive pleading is required. Defendants admit that on June 11, 2003, Plaintiff was informed that he would not be compensated for the automated check system idea under the Great Ideas program. As such

notification was reduced to writing, the writing speaks for itself, and any characterization of the notification is denied. All other factual allegations, if any, are denied.

22.     Defendants admit Plaintiff was not compensated under either the WIN or the Great Ideas program. Defendants deny that Plaintiff satisfied the conditions for compensation under either of these programs.

23.     To the extent Paragraph 23 sets forth legal conclusions, no responsive pleading is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the factual averments in paragraph 23.

24.     To the extent Paragraph 24 of the Complaint sets forth a legal conclusion, no responsive pleading is required. All other factual averments, if any, are denied as stated due to the vagueness of the averments.

25.     Paragraph 25 of the Complaint sets forth legal conclusions to which no responsive pleading is required. The factual averments, if any, are denied.

26.     Paragraph 26 of the Complaint sets forth legal conclusions to which no responsive pleading is required. All factual averments are denied as stated.

27.     Defendants admit that Plaintiff resigned from his job on April 16, 2004. All other factual allegations, if any, are denied.

28.     Defendants admit that Plaintiff filed a charge of discrimination on September 8, 2003 and that Plaintiff purports to have attached a copy of that charge to the Complaint.

29.     Defendants admit that the Equal Employment Opportunity Commission issued a notice to Plaintiff of his right to sue which is dated January 3, 2005. Defendants admit that Plaintiff purports to have attached copies of the Notice of Right to Sue letter and telecopier

RLF1-2990990-1

transmittal sheets to the Complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining factual averments.

30.    Paragraph 30 of the Complaint sets forth a legal conclusion to which no responsive pleading is required. The factual averments, if any, are denied.

### COUNT II

31.    Paragraphs 1 through 30 of the Answer are restated and incorporated as if fully set forth herein.

32.    Paragraph 32 of the Complaint sets forth legal conclusions to which no responsive pleading is required. The factual averments, if any, are denied.

### COUNT III

33.    Paragraphs 1 through 32 of the Answer are restated and incorporated as if fully set forth herein.

34.    Paragraph 34 of the Complaint sets forth a legal conclusion to which no responsive pleading is required. The factual averments, if any, are denied.

35.    Paragraph 35 of the Complaint sets forth a legal conclusion to which no responsive pleading is required. The factual averments, if any, are denied.

### COUNT IV

36.    Paragraphs 1 through 35 of the Answer are restated and incorporated as if fully set forth herein.

37.    Paragraph 37 of the Complaint sets forth legal conclusions to which no responsive pleading is required. The factual averments, if any, are denied.

RLF1-2990990-1

## COUNT V

38.     Paragraphs 1 through 37 of the Answer are restated and incorporated as if fully set forth herein.

39.     Paragraph 34 of the Complaint sets forth legal conclusions to which no responsive pleading is required. The factual averments, if any, are denied.

## COUNT VI

40.     Paragraphs 1 through 39 are restated and incorporated as if fully set forth herein.

41.     Paragraph 41 of the Complaint sets forth legal conclusions to which no responsive pleading is required. The factual averments, if any, are denied.

Defendants object to and deny that Plaintiff is entitled to any of the relief set forth in the "WHEREFORE" clause of his Complaint.

DEFENDANTS DENY EACH AND EVERY AVERMENT NOT HERETOFORE SPECIFICALLY ADMITTED, DENIED OR OTHERWISE CONTROVERTED.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses. In asserting these defenses, Defendants do not assume the burden of proof with respect to any issue as to which applicable law places the burden of proof upon Plaintiff.

### First Defense

42.     The Complaint, and each and every claim therein, fails to state a claim upon which relief may be granted.

### Second Defense

43.     To the extent Plaintiff has failed to institute this action within the time required

-6-

under the applicable statute of limitations, his claims for relief are barred and should be dismissed.

### Third Defense

44.    Plaintiff's Title VII claim is meritless because he has suffered no adverse employment action.

### Fourth Defense

45.    All conduct engaged in by Defendants was for legitimate, non-discriminatory business reasons and not as pretext for illegal actions.  Therefore, Plaintiff's claims are barred and should be dismissed.

### Fifth Defense

46.    Plaintiff's Title VII claim is barred because he has failed to, and cannot, identify any comparators.

### Sixth Defense

47.    Plaintiff's Title VII claim is barred because he never placed Defendants on notice of any perceived discrimination prior to filing a charge of discrimination, which would have offered Defendants an opportunity to remedy any perceived discrimination.

### Seventh Defense

48.    Plaintiff's common law fraud or deceit claim is meritless because no false statements or statements made with reckless indifference to the truth were ever made to Plaintiff. In the alternative, even if such statements were made, there were not made to intentionally cause Plaintiff to refrain from acting as a result of such statements.

### Eighth Defense

49.     Plaintiff's breach of contract claim is meritless because no contract existed imposing an obligation on Defendants to compensate Plaintiff.

### Ninth Defense

50.     The terms of the WIN and Great Ideas programs were clear that Defendants were in no way obligated to adopt or compensate ideas submitted to either program.

### Tenth Defense

51.     Plaintiff failed to meet the conditions for compensation under the WIN and Great Ideas programs.

### Eleventh Defense

52.     Plaintiff's quantum merit claim is meritless because no circumstances existed to apprise Defendants of Plaintiff's expectation of compensation.

### Twelfth Defense

53.     Plaintiff's WIN and Great Ideas submissions were not valuable to Defendants.

### Thirteenth Defense

54.     Plaintiff's promissory estoppel claim is meritless because no promise for payment was made to Plaintiff upon which he could have justifiably relied.

### Fourteenth Defense

55.     Plaintiff's implied covenant of good faith and fair dealing claim is meritless because Defendants' conduct did not violate public policy or misrepresent an important fact upon which Plaintiff relied.   Likewise, Defendants did not use superior bargaining power to deprive Plaintiff of a clearly identifiable compensation or falsify or manipulate employment records to create fictitious grounds for termination.

### Fifteenth Defense

56.   Plaintiff's claims for relief are barred to the extent they seek damages in excess of the limits imposed by applicable law, and also to the extent he seeks punitive damages and other relief not available under applicable law.

### Sixteenth Defense

57.   To the extent Plaintiff has made any claim for special damages, Plaintiff has failed to state such claims with the requisite specificity.  Therefore, Plaintiff's claims are barred and should be dismissed.

### Seventeenth Defense

58.   Plaintiff's claims for punitive damages, if sustained, violate Defendants' rights under the Due Process Clause of the United States Constitution and any applicable state constitution, was well as applicable case law.

### Eighteenth Defense

59.   Defendants and their employees acted without malice or reckless indifference, and thus, an award of punitive damages is inappropriate.

### Nineteenth Defense

60.   In the alternative, Defendants may not be held vicariously liable for the actions of any employees who have failed to act in accordance with Defendants' anti-discrimination policies and procedures.

### Twentieth Defense

61.   In the alternative, if a fact-finder decides that unlawful discrimination was committed by Defendants' employees or others, such went against Defendants' good faith efforts

to comply with state and federal law and to enforce its anti-discrimination policy, such that an award of punitive damages would be inappropriate.

### Twenty-First Defense

62.    To the extent Plaintiff alleges unlawful acts of Defendants' employees or others, such acts would have been outside the scope of the actor's authority and thus Defendants are not liable for any wrongful conduct.

### Twenty-Second Defense

63.    Plaintiff's prayer for relief must fail to the extent that Plaintiff has failed to mitigate his damages as required by law.

### Twenty-Third Defense

64.    To the extent Plaintiff has failed to exhaust his administrative remedies under Title VII of the Civil Rights Act of 1964, this action is barred.

### Twenty-Fourth Defense

65.    Plaintiff's claims are barred by the doctrines of estoppel, waiver and/or unclean hands.

### Twenty-Fifth Defense

66.    Plaintiff's claims are barred by the doctrine of latches.

Because Defendants have not yet availed themselves of their right to discovery, Defendants may not fully know the circumstances of the alleged incidents described in the complaint. Defendants hereby notify Plaintiff that until Defendants have had the opportunity to avail itself of its right to discovery, it cannot determine whether or not each of the above-stated Defenses will, in fact, be asserted at trial. Such Defenses, however, are raised herein in order to preserve Defendants' right to assert such defenses, thereby avoiding waiver of any such

defenses. Further, Defendants specifically give notice that it intends to rely upon such other defenses as may become available by law, pursuant to statute, or during discovery proceedings of this case, and thereby reserves the right to amend its Answer and assert such defenses.

**WHEREFORE**, Defendants respectfully requests that this action be dismissed in its entirety and that Defendants be awarded all costs and fees incurred in defending this action and whatever other relief the Court deems appropriate.

Jennifer C. Jauffret (#3689)
jauffret@rlf.com
Alyssa M. Schwartz (#4351)
schwartz@rlf.com
Richards, Layton & Finger
One Rodney Square
P. O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
*Attorneys for Defendants*

Dated: March 23, 2006

-11-

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2006, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and which has also been served as noted:

### FEDERAL EXPRESS

Jeremy W. Homer, Esq.
Parkowski & Guerke, P.A.
116 West Water Street
P. O. Box 598
Dover, DE 19903

Alyssa M. Schwartz (#4351)
schwartz@rlf.com

RLF1-2874570-1