IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SIDI CHERKAOUI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No.: 05-184-KAJ |
| | ) |
| HSBC PAY SERVICES, INC., a | ) JURY TRIAL DEMANDED |
| Delaware corporation, HSBC FINANCE | ) |
| CORPORATION, a Delaware | ) |
| corporation, and HOUSEHOLD | ) |
| INTERNATIONAL, INC., a Delaware | ) |
| corporation, | ) |
| | ) |
| Defendants. | ) |

## STIPULATED PROTECTIVE ORDER

On the stipulation of Plaintiff Sidi Cherkaoui ("Plaintiff") and Defendants HSBC Pay Services, Inc., HSBC Finance Corporation and Household International, Inc. (collectively, "Defendants"), IT IS HEREBY ORDERED:

1.  This Stipulated Protective Order ("Protective Order") shall govern all documents and other discovery materials produced in response to any method of discovery conducted by Plaintiff or Defendants, between themselves or with respect to third-party discovery in this case, including any arbitration or mediation proceedings ordered by the Court, under the Federal Rules of Civil Procedure 26, *et seq.* The Protective Order shall govern the use and disclosure of certain confidential, private, proprietary and/or trade secret information and/or material designated in good faith by a party or by a third party that is subject to a discovery request as falling within the categories described in this Protective Order.

2.  Whenever, in the exercise of careful judgment, any party to this action or third party that is subject to a discovery request determines that a response to a request for

discovery should be treated as confidential because it falls within one of the following categories: (a) non-parties' personnel files, (b) non-public customer information, (c) non-public financial disclosures, (d) confidential and/or proprietary marketing techniques, developments or timetables, (e) confidential and/or proprietary strategies and development plans, and past, current and planned research and development, (f) confidential and/or proprietary technology information, including, but not limited to, computer software and database technologies and information, systems, structures and architectures (and related processes, formulate, compositions, improvements, devices, inventions, discoveries, designs, methods and information), (g) confidential and/or proprietary business plans, including business processes, policies and procedures, or (h) some other category to be agreed upon by the parties (collectively, "Confidential Information"), that party shall have the right to designate the material and/or information as "CONFIDENTIAL" by marking each confidential page of a document or deposition with a suitable marking, indicating the confidentiality of the information therein, prior to the transmission of a physical copy thereof to the other party. To the extent counsel produces documents to opposing counsel for examination for the purpose of determining of which documents opposing counsel desires copies, said documents shall be subject to this Protective Order, whether or not marked. Such documents shall continue to be subject to this Protective Order until copies are requested and supplied, provided the copies are marked as provided in this paragraph or otherwise designated as confidential. Any document so marked, copies thereof, information contained therein, and any extracts, abstracts, charts, summaries or notes made therefrom, also shall be "Confidential" material and subject to the restrictions set forth herein. Nothing herein shall prevent a party from objecting to the production of discovery pursuant to Federal Rules of Civil Procedure 26, *et seq.*, or on privilege or work product grounds.

3.  Confidential Information shall be disclosed only to:

    a.  counsel for the parties in this litigation;

    b.  court reporters;

    c.  the Court for purposes of this litigation, subject to paragraph 9 below;

    d.  stenographic, paralegal, clerical and other employees of the receiving party referred to in subparagraphs (a) - (c) above;

    e.  independent experts, attorneys, advisors and consultants who are employed by the receiving party to perform investigative work, fact research or other services relating to this action;

    f.  third-party deponents during the course of their depositions, and witnesses in preparation for trial and during trial; and

    g.  the parties, including every director, officer, employee and managing agent of any party to this litigation.

4.  Confidential Information may only be disclosed to persons listed in paragraph 3(e) above upon compliance with the following requirements:

    a.  Each person shall first be advised by the attorney making the disclosure that, pursuant to this Protective Order, the person may not divulge any such material and/or information to any other person, except in the preparation or trial of this action, and that disclosure in the preparation of the case is limited to persons entitled to knowledge of confidential documents under this Protective Order.

        b.    The attorney shall secure from each person a certification that he or she has read this Protective Order and understands that, pursuant to this Protective Order, he or she may not, and undertakes not to, divulge any such material and/or information except in the preparation or trial of this action, and will not use the material for any other purpose. A form of such certification is attached hereto as Exhibit A. A copy of this certification, together with a list of such material that is disclosed to the person and the date of disclosure, shall be retained by counsel disclosing such material and securing said certification. All such material and/or information produced thereunder and all copies thereof shall be returned at the conclusion of this litigation to the party producing it.

        5.    As to third-party deponents, Confidential Information may be disclosed to such persons during the course of their depositions, during trial preparations or during trial, provided such material and/or information is not left in the possession of such persons.

        6.    If, subsequent to a party's receipt of information designated "Confidential" it shall appear to such party that any such information is not of a nature warranting the protection afforded hereunder, such party shall first notify counsel for the designating entity in writing, providing its reasons for challenging the designation. If an agreement as to the designation has not been reached within seven (7) business days after such notice was given, the party may contact the Court pursuant to the discovery dispute resolution provision of the Scheduling Order in this case. The party designating the document as confidential bears the burden of proof that such designation is merited.

        7.    If a party or third party through inadvertence produces or provides discovery of any Confidential Information without designating such disclosed information as Confidential Information as provided in this Protective Order, the producing party may give

written notice to the receiving party or parties that the document, thing, other discovery information, response or testimony is Confidential Information and should be treated as Confidential Information in accordance with the provisions of this Protective Order. The receiving party or parties must treat such documents, things, information, responses and testimony as Confidential Information from the date such notice is received. Disclosure of such documents, things, information, responses or testimony prior to receipt of such notice to persons not authorized to receive Confidential Information shall not be deemed a violation of this Protective Order; however, upon receipt of such notice, the receiving party promptly shall identify anyone to whom it has disclosed Confidential Information to the producing party. The producing party will then use its best efforts to retrieve all such Confidential Information disclosed to anyone the receiving party identified who is not entitled to access to Confidential Information under this Protective Order, destroy said Confidential Information, and notify the receiving party that all such Confidential Information has been retrieved and destroyed. In the event that the producing party, despite its best efforts, is unable to retrieve all such Confidential Information, the party overseeing such retrieval must certify in writing that it has used its best efforts to retrieve and destroy all Confidential Information disclosed to anyone not entitled to access to the Confidential Information.

        8.     No copies of Confidential Information shall be made except by or on behalf of attorneys of record in this case. Any attorneys or their staff making copies of such material and/or information shall maintain all copies within their firms' possession unless provided to those entitled to access to such documents under this Protective Order, in which case such individual is required to maintain any such documents pursuant to the terms of this Protective Order.

9. All portions of correspondence, legal memoranda, motion papers, pleadings and other written material that quote or refer to the specific substance of any Confidential Information shall also be treated as confidential in accordance with the provisions of this Protective Order, and such documents must be filed under seal as discussed below in paragraph 10.

10. If any material and/or information designated Confidential is to be filed with the Court in any form in connection with any proceedings herein, such material and/or information shall be filed with the Clerk of the Court in sealed envelopes or containers prominently marked with the caption of the case, a general description of the contents of the envelope or container, and a legend substantially in the following form:

"CONTAINS CONFIDENTIAL INFORMATION -- TO BE OPENED ONLY BY OR AS DIRECTED BY THE COURT."

11. All Confidential documents and other discovery materials so designated and produced in connection with this litigation shall be used only for purposes of this litigation between the parties, and not for any other purpose or for any other litigation.

12. The termination of proceedings in this action shall not relieve the persons described in paragraph 3 above from the obligation to maintain the confidentiality of all Confidential Information received pursuant to this Protective Order, unless the Court orders or permits otherwise. Upon termination of the proceedings (including all appeals), within twenty (20) calendar days, any party may request the return or destruction of specific documents that were previously furnished as Confidential, including any copies thereof, and each person or party to whom such Confidential Information has been furnished or produced shall be obligated to return the same material. If such documents are destroyed, the party overseeing such destruction must certify in writing that it has caused to be destroyed all copies and documents containing

such discovery material. This provision shall apply to any documents containing Confidential Information from discovery material.

13. The termination of the proceedings in this litigation shall not relieve any persons to whom any confidential document, transcript, material, information or data has been disclosed from the obligations of this Protective Order, and the Court shall retain jurisdiction after final disposition of this litigation for the purposes of any application to modify or enforce the provisions of this Protective Order.

14. All objections as to the admissibility into evidence of the documents produced subject to this Protective Order are reserved until trial of this case if the objection is contained in the Pre-Trial Order. The use of Confidential Information as evidence at the trial of this case shall be subject to this Protective Order unless modified by the Court or listed as admissible in the Pre-Trial Order. Without losing the confidentiality of the discovery material and/or information, any discovery material stamped as Confidential under this Protective Order shall be redacted so as to eliminate the stamp before the document is shown to the jury.

15. Nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining, at any time, on an appropriate showing of good cause, issuance of an order of the Court dissolving or modifying this Protective Order.

16. <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information and/or material in this case, the Court does not intend to preclude another court from finding that such information and material may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's material designated "Confidential" pursuant to this order shall promptly notify

that party of the motion so that the party may have an opportunity to appear and be heard on whether that information and/or material should be disclosed.

      17.    Any person violating this Protective Order may be subject to sanctions under the Federal Rules of Civil Procedure.

| | |
|---|---|
| /s/Jeremy W. Homer | _(signature)_ |
| Jeremy W. Homer (#413) | Jennifer C. Jauffret (#3689) |
| jhomer@pgslegal.com | jauffret@rlf.com |
| Parkowski & Guerke, P.A. | Alyssa M. Schwartz (#4351) |
| 116 West Water Street | schwartz@rlf.com |
| P.O. Box 598 | Richards, Layton & Finger |
| Dover, DE 19903 | One Rodney Square |
| (302) 678-3262 | Wilmington, DE 19899 |
| | (302) 651-7700 |
| Attorney for Plaintiff | Attorneys for Defendants |

      SO ORDERED this _____ day of _____, 2006.

_____
U.S. District Judge

-8-

RLF1-2995777-3

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SIDI CHERKAOUI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No.: 05-CV-184-KAJ |
| | ) |
| HSBC PAY SERVICES, INC., a Delaware corporation, HSBC FINANCE CORPORATION, a Delaware corporation, and HOUSEHOLD INTERNATIONAL, INC., a Delaware corporation, | ) JURY TRIAL DEMANDED ) ) ) ) ) ) |
| Defendants. | ) |

## CERTIFICATION OF COMPLIANCE
## WITH STIPULATED PROTECTIVE ORDER

I hereby certify that I, _____, have read, have reviewed and understand the Stipulated Protective Order entered in the above-captioned matter and I agree to abide fully and, thus, be bound by its terms and to be bound thereby.

I hereby consent to be subject to the personal jurisdiction of the above-captioned Court with respect to any proceeding related to the Stipulated Protective Order.

_____
Signature

Dated: _____